# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 19-44 DMG (MRW) | Date | June 3, 2019 |
| Title | Staples v. Madden | | |

Present: The Honorable    Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**    ORDER TO SHOW CAUSE RE: DISMISSAL

1.     The Court reviewed Petitioner's response to the Court's recent order.  (Docket # 17.)  Petitioner clearly states that he wants "a copy of the written instructions" from his trial because "he doesn't have this already."

2.     This federal court is not a copying service for prisoners convicted in state court. However, in the interests of justice and to attempt to resolve a case that may not belong in this venue, the Court attaches a copy of the trial instructions to this order for Petitioner's review.

3.     Does that end the matter?  Perhaps not.  In the next paragraph, Petitioner chaotically "orders this court to provide the jury instruction transcripts he does not have in his possession."  Huh?  Neither do we, and neither does the California Attorney General.  As discussed in the last order, the trial court did not have the court reporter transcribe that portion of the case.

4.     Because the Court is giving Petitioner a copy of the written instructions that were read to the jury (the relief he requested in his petition) and cannot give him any related transcript (they don't exist), Petitioner is ordered to show cause why this case should remain open. Petitioner's written response on this topic is due by July 1.

5.     **Alternatively**, Petitioner may voluntarily dismiss the action in its entirety without any further consequence.  If he wishes to do so, he must submit that request by the same date.

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO

People                     Plaintiff, )
                                      )
                                      )
         vs.                          )    Case No. FSB803385
Singa Jones &                         )
Corvell Staples                       )
                          Defendant(s). )
_____ )

GIVEN ✓                    REFUSED _____

INSTRUCTIONS

TO THE JURY

DEPARTMENT S17

272

### 100. Trial Process (Before or After Voir Dire)

Jury service is very important and I would like to welcome you and thank you for your service. Before we begin, I am going to describe for you how the trial will be conducted, and explain what you and the lawyers and I will be doing. When I refer to "the People," I mean the attorney from the district attorney's office who is trying this case on behalf of the People of the State of California. When I refer to defense counsel, I mean the attorneys who are representing the defendants, Singa Jones and Corvell Staples.

The first step in this trial is jury selection.

During jury selection, the attorneys and I will ask you questions. These questions are not meant to embarrass you, but rather to determine whether you would be suitable to sit as a juror in this case.

The trial will then proceed as follows: The People may present an opening statement. The defense is not required to present an opening statement, but if it chooses to do so, it may give it either after the People's opening statement or at the beginning of the defense case. The purpose of an opening statement is to give you an overview of what the attorneys expect the evidence will show.

Next, the People will offer their evidence. Evidence usually includes witness testimony and exhibits. After the People present their evidence, the defense may also present evidence but is not required to do so. Because they are presumed innocent, the defendants do not have to prove that they are not guilty.

After you have heard all the evidence and before the attorneys give their final arguments, I will instruct you on the law that applies to the case.

After you have heard the arguments and instructions, you will go to the jury room to deliberate.

1

## 101. Cautionary Admonitions: Jury Conduct (Before or After Jury Is Selected)

I will now explain some basic rules of law and procedure. These rules ensure that both sides receive a fair trial.

During the trial, do not talk about the case or about any of the people or any subject involved in the case with anyone, not even your family, friends, spiritual advisors, or therapists. Do not share information about the case in writing, by email, or on the Internet. You must not talk about these things with the other jurors either, until the time comes for you to begin your deliberations.

As jurors, you may discuss the case together only after all of the evidence has been presented, the attorneys have completed their arguments, and I have instructed you on the law. After I tell you to begin your deliberations, you may discuss the case only in the jury room, and only when all jurors are present.

You must not allow anything that happens outside of the courtroom to affect your decision. During the trial, do not read, listen to, or watch any news report or commentary about the case from any source.

Do not do any research on your own or as a group. Do not use a dictionary, the Internet, or other reference materials. Do not investigate the facts or law. Do not conduct any tests or experiments, or visit the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate.

If you have a cell phone or other electronic device, keep it turned off while you are in the courtroom and during jury deliberations. An electronic device includes any data storage device. If someone needs to contact you in an emergency, the court can receive messages that it will deliver to you without delay.

During the trial, do not speak to any party, witness, or lawyer involved in the trial. Do not listen to anyone who tries to talk to you about the case or about any of the people or subjects involved in it. If someone asks you about the case, tell him or her that you cannot discuss it. If that person keeps talking to you about the case, you must end the conversation.

When the trial has ended and you have been released as jurors, you may discuss the case with anyone. But under California law, you must wait at least 90 days before negotiating or agreeing to accept any payment for information about the case.

If you receive any information about this case from any source outside of the trial, even unintentionally, do not share that information with any other juror. If you do receive such information, or if anyone tries to influence you or any juror, you must immediately tell the bailiff.

Some words or phrases that may be used during this trial have legal meanings that are different from their meanings in everyday use. These words and phrases will be specifically defined in the instructions. Please be sure to listen carefully and follow the definitions that I give you. Words

2

and phrases not specifically defined in the instructions are to be applied using their ordinary, everyday meanings.

Keep an open mind throughout the trial. Do not make up your mind about the verdict or any issue until after you have discussed the case with the other jurors during deliberations. Do not take anything I say or do during the trial as an indication of what I think about the facts, the witnesses, or what your verdict should be.

Do not let bias, sympathy, prejudice, or public opinion influence your decision.

You must reach your verdict without any consideration of punishment.

3

### 102. Note-Taking

You have been given notebooks and may take notes during the trial. Do not remove them from the courtroom. You may take your notes into the jury room during deliberations. I do not mean to discourage you from taking notes, but here are some points to consider if you take notes:

1. Note-taking may tend to distract you. It may affect your ability to listen carefully to all the testimony and to watch the witnesses as they testify;

AND

2. The notes are for your own individual use to help you remember what happened during the trial. Please keep in mind that your notes may be inaccurate or incomplete.

At the end of the trial, your notes will be collected and destroyed.

4

### 103. Reasonable Doubt

I will now explain the presumption of innocence and the People's burden of proof. The defendants have pleaded not guilty to the charges. The fact that a criminal charge has been filed against the defendants is not evidence that the charge is true. You must not be biased against the defendants just because they have been arrested, charged with a crime, or brought to trial.

A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.

In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendants guilty beyond a reasonable doubt, they are entitled to an acquittal and you must find them not guilty.

5

## 104. Evidence

You must decide what the facts are in this case. You must use only the evidence that is presented in the courtroom. "Evidence" is the sworn testimony of witnesses, the exhibits admitted into evidence, and anything else I tell you to consider as evidence. The fact that the defendant was arrested, charged with a crime, or brought to trial is not evidence of guilt.

Nothing that the attorneys say is evidence. In their opening statements and closing arguments, the attorneys will discuss the case, but their remarks are not evidence. Their questions are not evidence. Only the witnesses' answers are evidence. The attorneys' questions are significant only if they help you understand the witnesses' answers. Do not assume that something is true just because one of the attorneys asks a question that suggests it is true.

During the trial, the attorneys may object to questions asked of a witness. I will rule on the objections according to the law. If I sustain an objection, the witness will not be permitted to answer, and you must ignore the question. If the witness does not answer, do not guess what the answer might have been or why I ruled as I did. If I order testimony stricken from the record, you must disregard it and must not consider that testimony for any purpose.

You must disregard anything you see or hear when the court is not in session, even if it is done or said by one of the parties or witnesses.

The court reporter is making a record of everything said during the trial. If you decide that it is necessary, you may ask that the court reporter's notes be read to you. You must accept the court reporter's notes as accurate.

## 105. Witnesses

You alone must judge the credibility or believability of the witnesses. In deciding whether testimony is true and accurate, use your common sense and experience. You must judge the testimony of each witness by the same standards, setting aside any bias or prejudice you may have. You may believe all, part, or none of any witness's testimony. Consider the testimony of each witness and decide how much of it you believe.

In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony. Among the factors that you may consider are:

- How well could the witness see, hear, or otherwise perceive the things about which the witness testified?

- How well was the witness able to remember and describe what happened?

- What was the witness's behavior while testifying?

- Did the witness understand the questions and answer them directly?

- Was the witness's testimony influenced by a factor such as bias or prejudice, a personal relationship with someone involved in the case, or a personal interest in how the case is decided?

- What was the witness's attitude about the case or about testifying?

- Did the witness make a statement in the past that is consistent or inconsistent with his or her testimony?

- How reasonable is the testimony when you consider all the other evidence in the case?

- Did other evidence prove or disprove any fact about which the witness testified?

- Did the witness admit to being untruthful?

- Has the witness been convicted of a felony?

- Has the witness engaged in other conduct that reflects on his or her believability?

Do not automatically reject testimony just because of inconsistencies or conflicts. Consider whether the differences are important or not. People sometimes honestly forget things or make mistakes about what they remember. Also, two people may witness the same event yet see or hear it differently.

7

If you do not believe a witness's testimony that he or she no longer remembers something, that testimony is inconsistent with the witness's earlier statement on that subject.

If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything that witness says. Or, if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest.

8

280

**124. Separation Admonition**

You may be permitted to separate during recesses and at the end of the day. I will tell you when to return. Please remember, we cannot begin the trial until all of you are in place, so it is important to be on time.

Remember, do not talk about the case or about any of the people or any subject involved in it with anyone, including the other jurors. Do not make up your mind about the verdict or any issue until after you have discussed the case with the other jurors during deliberations.

9

## 200. Duties of Judge and Jury

Members of the jury, I will now instruct you on the law that applies to this case. I will give you a copy of the instructions to use in the jury room. The instructions that you receive may be printed, typed, or written by hand. Certain sections may have been crossed-out or added. Disregard any deleted sections and do not try to guess what they might have been. Only consider the final version of the instructions in your deliberations.

You must decide what the facts are. It is up to all of you, and you alone, to decide what happened, based only on the evidence that has been presented to you in this trial.

Do not let bias, sympathy, prejudice, or public opinion influence your decision. Bias includes, but is not limited to, bias for or against the witnesses, attorneys, defendants or alleged victim, based on disability, gender, nationality, national origin, race or ethnicity, religion, gender identity, sexual orientation, age, or socioeconomic status.

You must follow the law as I explain it to you, even if you disagree with it. If you believe that the attorneys' comments on the law conflict with my instructions, you must follow my instructions.

Pay careful attention to all of these instructions and consider them together. If I repeat any instruction or idea, do not conclude that it is more important than any other instruction or idea just because I repeated it.

Some words or phrases used during this trial have legal meanings that are different from their meanings in everyday use. These words and phrases will be specifically defined in these instructions. Please be sure to listen carefully and follow the definitions that I give you. Words and phrases not specifically defined in these instructions are to be applied using their ordinary, everyday meanings.

Some of these instructions may not apply, depending on your findings about the facts of the case. Do not assume just because I give a particular instruction that I am suggesting anything about the facts. After you have decided what the facts are, follow the instructions that do apply to the facts as you find them.

---

10

### 201. Do Not Investigate

Do not do any research on your own or as a group. Do not use a dictionary, the Internet, or other reference materials. Do not investigate the facts or law. Do not conduct any experiments, or visit the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate.

---

11

## 202. Note-Taking

You have been given notebooks and may have taken notes during the trial. You may use your notes during deliberations. The notes are for your own individual use to help you remember what happened during the trial. Please keep in mind that your notes may be inaccurate or incomplete. If there is a disagreement about the testimony and stipulations at trial, you may ask that the court reporter's record be read to you. It is the record that must guide your deliberations, not your notes.

Please do not remove your notes from the jury room.

At the end of the trial, your notes will be collected and destroyed.

12

### 203. Multiple Defendants

Both defendants in this case are charged with the same crime.

You must separately consider the evidence as it applies to each defendant. You must decide each charge for each defendant separately. If you cannot reach a verdict on both of the defendants, or on any of the charges against any defendant, you must report your disagreement to the court and you must return your verdict on any defendant or charge on which you have unanimously agreed.

Unless I tell you otherwise, all instructions apply to each defendant.

---

## 205. Charge Removed From Jury Consideration

Count 2 charging the defendants with Attempted Home Invasion Robbery no longer needs to be decided in this case.

Do not speculate about or consider in any way why you no longer need to decide this count.

### 207. Proof Need Not Show Actual Date

It is alleged that the crime occurred on or about August 7, 2008. The People are not required to prove that the crime took place exactly on those days but only that they happened reasonably close to those days.

---

14

### 220. Reasonable Doubt

The fact that a criminal charge has been filed against the defendants is not evidence that the charge is true. You must not be biased against the defendants just because they have been arrested, charged with a crime, or brought to trial.

A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt.

In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendants guilty beyond a reasonable doubt, they are entitled to an acquittal and you must find them not guilty.

---

15

## 222. Evidence

You must decide what the facts are in this case. You must use only the evidence that was presented in this courtroom. "Evidence" is the sworn testimony of witnesses, the exhibits admitted into evidence, and anything else I told you to consider as evidence.

Nothing that the attorneys say is evidence. In their opening statements and closing arguments, the attorneys discuss the case, but their remarks are not evidence. Their questions are not evidence. Only the witnesses' answers are evidence. The attorneys' questions are significant only if they helped you to understand the witnesses' answers. Do not assume that something is true just because one of the attorneys asked a question that suggested it was true.

During the trial, the attorneys may have objected to questions or moved to strike answers given by the witnesses. I ruled on the objections according to the law. If I sustained an objection, you must ignore the question. If the witness was not permitted to answer, do not guess what the answer might have been or why I ruled as I did. If I ordered testimony stricken from the record you must disregard it and must not consider that testimony for any purpose.

You must disregard anything you saw or heard when the court was not in session, even if it was done or said by one of the parties or witnesses.

During the trial, you were told that the People and the defense agreed, or stipulated, to certain facts. This means that they both accept those facts as true. Because there is no dispute about those facts you must also accept them as true.

The court reporter has made a record of everything that was said during the trial. If you decide that it is necessary, you may ask that the court reporter's notes be read to you. You must accept the court reporter's notes as accurate.

16

## 223. Direct and Circumstantial Evidence: Defined

Facts may be proved by direct or circumstantial evidence or by a combination of both. *Direct evidence* can prove a fact by itself. For example, if a witness testifies he saw it raining outside before he came into the courthouse, that testimony is direct evidence that it was raining. Circumstantial evidence also may be called indirect evidence. *Circumstantial evidence* does not directly prove the fact to be decided, but is evidence of another fact or group of facts from which you may logically and reasonably conclude the truth of the fact in question. For example, if a witness testifies that he saw someone come inside wearing a raincoat covered with drops of water, that testimony is circumstantial evidence because it may support a conclusion that it was raining outside.

Both direct and circumstantial evidence are acceptable types of evidence to prove or disprove the elements of a charge, including intent and mental state and acts necessary to a conviction, and neither is necessarily more reliable than the other. Neither is entitled to any greater weight than the other. You must decide whether a fact in issue has been proved based on all the evidence.

17

## 224. Circumstantial Evidence: Sufficiency of Evidence

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

18

## 226. Witnesses

You alone, must judge the credibility or believability of the witnesses. In deciding whether testimony is true and accurate, use your common sense and experience. You must judge the testimony of each witness by the same standards, setting aside any bias or prejudice you may have. You may believe all, part, or none of any witness's testimony. Consider the testimony of each witness and decide how much of it you believe.

In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony. Among the factors that you may consider are:

- How well could the witness see, hear, or otherwise perceive the things about which the witness testified?

- How well was the witness able to remember and describe what happened?

- What was the witness's behavior while testifying?

- Did the witness understand the questions and answer them directly?

- Was the witness's testimony influenced by a factor such as bias or prejudice, a personal relationship with someone involved in the case, or a personal interest in how the case is decided?

- What was the witness's attitude about the case or about testifying?

- Did the witness make a statement in the past that is consistent or inconsistent with his or her testimony?

- How reasonable is the testimony when you consider all the other evidence in the case?

- Did other evidence prove or disprove any fact about which the witness testified?

- Did the witness admit to being untruthful?

- Has the witness been convicted of a felony?

- Has the witness engaged in other conduct that reflects on his or her believability?

Do not automatically reject testimony just because of inconsistencies or conflicts. Consider whether the differences are important or not. People sometimes honestly forget things or make mistakes about what they remember. Also, two people may witness the same event yet see or hear it differently.

If you do not believe a witness's testimony that he or she no longer remembers something, that

19

292

testimony is inconsistent with the witness's earlier statement on that subject.

If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything that witness says. Or, if you think the witness lied about some things, but told the truth about others, you may simply accept the part that you think is true and ignore the rest.

20

### 252. Union of Act and Intent: General and Specific Intent Together

The crimes and other allegations charged in Count 1 require proof of the union, or joint operation, of act and wrongful intent.

The following allegations require general criminal intent: Use of a Firearm, as alleged against Singa Jones, and Acting in Concert. For you to find these allegations true, that person must not only commit the prohibited act, but must do so with wrongful intent. A person acts with wrongful intent when he or she intentionally does a prohibited act on purpose, however, it is not required that he or she intend to break the law. The act required is explained in the instruction for that crime.

The following crimes and allegation require a specific intent or mental state: Home Invasion Robbery, as charged in Count 1; the gang allegation charged as to Count 1; and the Gang-Related Gun Allegation, as alleged against Corvell Staples. For you to find a person guilty of these crimes or to find the allegation true, that person must not only intentionally commit the prohibited act, but must do so with a specific intent or mental state. The act and the specific intent or mental state required are explained in the instruction for that crime or allegation.

22

### 300. All Available Evidence

Neither side is required to call all witnesses who may have information about the case or to produce all physical evidence that might be relevant.

---

### 301. Single Witness's Testimony

The testimony of only one witness can prove any fact. Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence.

**302. Evaluating Conflicting Evidence**

If you determine there is a conflict in the evidence, you must decide what evidence, if any, to believe. Do not simply count the number of witnesses who agree or disagree on a point and accept the testimony of the greater number of witnesses. On the other hand, do not disregard the testimony of any witness without a reason or because of prejudice or a desire to favor one side or the other. What is important is whether the testimony or any other evidence convinces you, not just the number of witnesses who testify about a certain point.

24

## 303. Limited Purpose Evidence in General

During the trial, certain evidence was admitted for a limited purpose. You may consider that
evidence only for that purpose and for no other.

25

### 315. Eyewitness Identification

You have heard eyewitness testimony identifying the defendants. As with any other witness, you must decide whether an eyewitness gave truthful and accurate testimony.

In evaluating identification testimony, consider the following questions:

- Did the witness know or have contact with the defendant before the event?

- How well could the witness see the perpetrator?

- What were the circumstances affecting the witness's ability to observe, such as lighting, weather conditions, obstructions, distance, and duration of observation?

- How closely was the witness paying attention?

- Was the witness under stress when he or she made the observation?

- Did the witness give a description and how does that description compare to the defendant?

- How much time passed between the event and the time when the witness identified the defendant?

- Was the witness asked to pick the perpetrator out of a group?

- Did the witness ever fail to identify the defendant?

- Did the witness ever change his or her mind about the identification?

- How certain was the witness when he or she made an identification?

- Are the witness and the defendant of different races?

- Was the witness able to identify other participants in the crime?

- Was the witness able to identify the defendant in a photographic or physical lineup?

- Were there any other circumstances affecting the witness's ability to make an accurate identification?

The People have the burden of proving beyond a reasonable doubt that it was the defendant who committed the crime. If the People have not met this burden, you must find that the defendant not guilty.

27

### 316. Additional Instructions on Witness Credibility-Other Conduct

If you find that a witness has been convicted of a felony, you may consider that fact only in evaluating the credibility of the witness's testimony. The fact of a conviction does not necessarily destroy or impair a witness's credibility. It is up to you to decide the weight of that fact and whether that fact makes the witness less believable.

29

### 318. Prior Statements as Evidence

You have heard evidence of statements that a witness made before the trial. If you decide that the
witness made those statements, you may use those statements in two ways:

1.      To evaluate whether the witness's testimony in court is believable;

AND

2.      As evidence that the information in those earlier statements is true.

30

### 332. Expert Witness Testimony

A witness was allowed to testify as an expert and to give an opinion. You must consider the opinion, but you are not required to accept it as true or correct. The meaning and importance of any opinion are for you to decide. In evaluating the believability of an expert witness, follow the instructions about the believability of witnesses generally. In addition, consider the expert's knowledge, skill, experience, training, and education, the reasons the expert gave for any opinion, and the facts or information on which the expert relied in reaching that opinion. You must decide whether information on which the expert relied was true and accurate. You may disregard any opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

An expert witness may be asked a hypothetical question. A hypothetical question asks the witness to assume certain facts are true and to give an opinion based on the assumed facts. It is up to you to decide whether an assumed fact has been proved. If you conclude that an assumed fact is not true, consider the effect of the expert's reliance on that fact in evaluating the expert's opinion.

---

31

### 333. Opinion Testimony of Lay Witness

Witnesses, who were not testifying as experts, gave their opinions during the trial. You may but
are not required to accept those opinions as true or correct. You may give the opinions whatever
weight you think appropriate. Consider the extent of the witness's opportunity to perceive the
matters on which his or her opinion is based, the reasons the witness gave for any opinion, and the
facts or information on which the witness relied in forming that opinion. You must decide whether
information on which the witness relied was true and accurate. You may disregard all or any part
of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

---

32

### 355. Defendant's Right Not to Testify

A defendant has an absolute constitutional right not to testify. He or she may rely on the state of the evidence and argue that the People have failed to prove the charges beyond a reasonable doubt. Do not consider, for any reason at all, the fact that a defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

### 370. Motive

The People are not required to prove that a defendant had a motive to commit any of the crimes charged. In reaching your verdict you may, however, consider whether a defendant had a motive.

Having a motive may be a factor tending to show that the defendant is guilty. Not having a motive may be a factor tending to show the defendant is not guilty.

---

35

### 372. Defendant's Flight

If a defendant fled immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that a defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself.

### 373. Other Perpetrator

The evidence shows that other persons may have been involved in the commission of the crimes charged against the defendants. There may be many reasons why someone who appears to have been involved might not be a codefendant in this particular trial. You must not speculate about whether those other persons have been or will be prosecuted. Your duty is to decide whether the defendants on trial here committed the crimes charged.

### 400. Aiding and Abetting: General Principles

A person may be guilty of a crime in two ways. One, he or she may have directly committed the crime. I will call that person the perpetrator. Two, he or she may have aided and abetted a perpetrator, who directly committed the crime. A person is equally guilty of the crime whether he or she committed it personally or aided and abetted the perpetrator who committed it.

39

### 401. Aiding and Abetting: Intended Crimes

To prove that a defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that:

1. The perpetrator committed the crime;

2. The defendant knew that the perpetrator intended to commit the crime;

3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime;

AND

4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime.

Someone *aids and abets* a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime.

If all of these requirements are proved, the defendant does not need to actually have been present when the crime was committed to be guilty as an aider and abettor.

If you conclude that defendant was present at the scene of the crime or failed to prevent the crime, you may consider that fact in determining whether the defendant was an aider and abettor. However, the fact that a person is present at the scene of a crime or fails to prevent the crime does not, by itself, make him or her an aider and abettor.

40

### 1600. Robbery (Pen. Code, § 211)

The defendants are charged in Count 1 with Home Invasion Robbery.

To prove that a defendant is guilty of this crime, the People must prove that:

   1.   The defendant took property that was not his own;

   2.   The property was taken from another person's possession and immediate presence;

   3.   The property was taken against that person's will;

   4.   The defendant used force or fear to take the property or to prevent the person from resisting;

   AND

   5.   When the defendant used force or fear to take the property, he intended to deprive the owner of it permanently.

The defendant's intent to take the property must have been formed before or during the time he used force or fear. If the defendant did not form this required intent until after using the force or fear, then he did not commit robbery.

A person *takes* something when he or she gains possession of it and moves it some distance. The distance moved may be short.

The property taken can be of any value, however slight. Two or more people may possess something at the same time.

A person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person.

*Fear*, as used here, means fear of injury to the person himself or herself or immediate injury to someone else present during the incident or to that person's property.

---

42

## 1601. Robbery in Concert (Pen. Code, § 213(a)(1)(A))

The defendants are charged in Count 1 with robbery by acting in concert with Joseph Denham and/or other unnamed persons.

To prove that a defendant is guilty of this crime, the People must prove that:

      1.     The defendant personally committed or aided and abetted a robbery;

      2.     When he did so, the defendant voluntarily acted with two or more other people who also committed or aided and abetted the commission of the robbery;

      AND

      3.     The robbery was committed in an inhabited dwelling.

A dwelling is *inhabited* if someone lives there and either is present or has left but intends to return.

To decide whether the defendants or Joseph Denham or other unnamed persons committed robbery, please refer to the separate instructions that I have given you on that crime. To decide whether the defendants or Joseph Denham or other unnamed persons aided and abetted robbery, please refer to the separate instructions that I will give you on aiding and abetting. You must apply those instructions when you decide whether the People have proved robbery in concert.

To prove the crime of robbery in concert, the People do not have to prove a prearranged plan or scheme to commit robbery.

40

311

### 1602. Robbery: Degrees (Pen. Code, § 212.5)

Robbery is divided into two degrees. If you conclude that the defendants committed a robbery, you must then decide the degree.

To prove that a defendant is guilty of first degree robbery, the People must prove that:

The robbery was committed in an inhabited dwelling. A dwelling is inhabited if someone lives there and either is present or has left but intends to return.

All other robberies are of the second degree.

The People have the burden of proving beyond a reasonable doubt that the robbery was first degree rather than a lesser crime. If the People have not met this burden, you must find the defendant not guilty of first degree robbery.

---

44

### 1603. Robbery: Intent of Aider and Abettor

To be guilty of robbery as an aider and abettor, the defendant must have formed the intent to aid and abet the commission of the robbery before or while a perpetrator carried away the property to a place of temporary safety.

A perpetrator has reached a place of temporary safety with the property if he or she has successfully escaped from the scene, is no longer being pursued, and has unchallenged possession of the property.

45

### 1401. Felony or Misdemeanor Committed for Benefit of Criminal Street Gang (Pen. Code, § 186.22(b)(1)(felony) and § 186.22(d)(felony or misdemeanor))

If you find the defendants guilty of the crime charged in Count 1, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant committed that crime for the benefit of, at the direction of, or in association with a criminal street gang. You must decide whether the People have proved this allegation for each crime and return a separate finding for each crime.

To prove this allegation, the People must prove that:

    1.    The defendant committed the crime for the benefit of, at the direction of, or in association with a criminal street gang;

    AND

    2.    The defendant intended to assist, further, or promote criminal conduct by gang members.

A *criminal street gang* is any ongoing organization, association, or group of three or more persons, whether formal or informal:

    1.    That has a common name or common identifying sign or symbol;

    2.    That has, as one or more of its primary activities, the commission of sales of narcotics, robbery, burglary, carjacking, murder, or witness intimidation;

    AND

    3.    Whose members, whether acting alone or together, engage in or have engaged in a pattern of criminal gang activity.

In order to qualify as a *primary* activity, the crime must be one of the group's chief or principal activities rather than an occasional act committed by one or more persons who happen to be members of the group.

A *pattern of criminal gang activity*, as used here, means:

    1.    The commission of:

        any combination or two or more of the following crimes: Felon in possession of a firearm (PC 12021(a)(1) or Robbery (PC 211);

    2.    At least one of those crimes was committed after September 26, 1988;

3.    The most recent crime occurred within three years of one of the earlier crimes;

AND

4.    The crimes were committed on separate occasions, or were personally committed by two or more persons.

The People need not prove that a defendant is an active or current member of the alleged criminal street gang.

You may not find that there was a pattern of criminal gang activity unless all of you agree that two or more crimes that satisfy these requirements were committed, but you do not all have to agree on which crimes were committed.

If you find a defendant guilty of a crime in this case, you may consider that crime in deciding whether one of the group's primary activities was commission of that crime and whether a pattern of criminal gang activity has been proved.

The People have the burden of proving each allegation beyond a reasonable doubt. If the People have not met this burden, you must find that the allegation has not been proved.

44

### 1402. Gang-Related Firearm Enhancement (Pen. Code, § 12022.53(e))

If you find the defendant Corvell Staples guilty of the crime charged in Count 1, and you find that the defendant committed those crimes for the benefit of, at the direction of, or in association with a criminal street gang with the intent to promote, further, or assist in any criminal conduct by gang members, you must then decide whether, for each crime, the People have proved the additional allegation that one of the principals personally used a firearm during that crime. You must decide whether the People have proved this allegation for each crime and return a separate finding for each crime.

To prove this allegation, the People must prove that:

> Someone who was a principal in the crime personally used a firearm during the commission or attempted commission of the Robbery.

A person is a *principal* in a crime if he or she directly commits or attempts to commit the crime or if he or she aids and abets someone else who commits or attempts to commit the crime.

A *firearm* is any device designed to be used as a weapon, from which a projectile is discharged or expelled through a barrel by the force of an explosion or other form of combustion.

A principal *personally uses* a firearm if he or she intentionally does any of the following:

1.   Displays the firearm in a menacing manner.

2.   Hits someone with the firearm.

OR

3.   Fires the firearm.

The People have the burden of proving each allegation beyond a reasonable doubt. If the People have not met this burden, you must find that the allegation has not been proved.

---

45

316

### 1403. Limited Purpose of Evidence of Gang Activity

You may consider evidence of gang activity only for the limited purpose of deciding whether:

- The defendant acted with the intent, purpose, and knowledge that are required to prove the gang-related enhancements charged;

OR

- The defendant had a motive to commit the crimes charged.

You may also consider this evidence when you evaluate the credibility or believability of a witness and when you consider the facts and information relied on by an expert witness in reaching his or her opinion.

You may not consider this evidence for any other purpose. You may not conclude from this evidence that the defendant is a person of bad character or that he has a disposition to commit crime.

52

### 3146. Personally Used Firearm (Pen. Code, §§ 667.5(c)(8), 667.61(e)(4), 1203.06, 1192.7(c)(8), 12022.3, 12022.5, 12022.53(b))

If you find the defendant Singa Jones guilty of the crime charged in Count 1, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant personally used a firearm during the commission or attempted commission of that crime. You must decide whether the People have proved this allegation for each crime and return a separate finding for each crime.

A *firearm* is any device designed to be used as a weapon, from which a projectile is discharged or expelled through a barrel by the force of an explosion or other form of combustion.

A firearm does not need to be in working order if it was designed to shoot and appears capable of shooting. A firearm does not need to be loaded.

Someone *personally uses* a firearm if he or she intentionally does any of the following:

1.    Displays the weapon in a menacing manner;

2.    Hits someone with the weapon;

OR

3.    Fires the weapon.

The People have the burden of proving each allegation beyond a reasonable doubt. If the People have not met this burden, you must find that the allegation has not been proved.

No _____

In this case, with respect to Count 1, your verdict may be in one of the following forms:

1-A

We, the jury in the above-entitled action, find the defendant, SINGA JONES, guilty of the crime of ROBBERY as charged in Count 1; or

1-B

We, the jury in the above-entitled action, find the defendant, SINGA JONES, not guilty of the crime of ROBBERY as charged in Count 1; or

2-A

We, the jury in the above-entitled action, find the defendant, CORVELL STAPLES, guilty of the crime of ROBBERY as charged in Count 1; or

2-B

We, the jury in the above-entitled action, find the defendant, CORVELL STAPLES, not guilty of the crime of ROBBERY as charged in Count 1; or

Given

_____

Judge

POSSIBLE VERDICTS

No _____

In this case with respect to the allegations charged in Count 1, your verdict may be in one of the following forms:

## ALLEGATION AS TO COUNT 1 – TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant SINGA JONES, during the commission of a robbery in violation of Penal Code section 211, did so with two or more people, and the robbery was committed in an inhabited dwelling, within the meaning of Penal Code section 213(a)(1)(A) to be TRUE; or

## ALLEGATION AS TO COUNT 1 – NOT TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant SINGA JONES, during the commission of a robbery in violation of Penal Code section 211, did so with two or more people, and the robbery was committed in an inhabited dwelling, within the meaning of Penal Code section 213(a)(1)(A) to be NOT TRUE.

## ALLEGATION AS TO COUNT 1 – TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant CORVELL STAPLES, during the commission of a robbery in violation of Penal Code section 211, did so with two or more people, and the robbery was committed in an inhabited dwelling, within the meaning of Penal Code section 213(a)(1)(A) to be TRUE; or

## ALLEGATION AS TO COUNT 1 – NOT TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant CORVELL STAPLES, during the commission of a robbery in violation of Penal Code section 211, did so with two or more people, and the robbery was committed in an inhabited dwelling, within the meaning of Penal Code section 213(a)(1)(A) to be NOT TRUE.

### ALLEGATION AS TO COUNT 1 – TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant SINGA JONES, during the commission of a robbery in violation of Penal Code section 211, personally used a firearm, a handgun, within the meaning of Penal Code section 12022.53(b) to be TRUE; or

### ALLEGATION AS TO COUNT 1 – NOT TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant SINGA JONES, during the commission of a robbery in violation of Penal Code section 211, personally used a firearm, a handgun, within the meaning of Penal Code section 12022.53(b) to be NOT TRUE.

### ALLEGATION AS TO COUNT 1 – TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant SINGA JONES, committed the robbery for the benefit of, or in association with a criminal street gang with specific intent to promote, or further, or assist in any criminal conduct by gang members, within the meaning of Penal Code section 186.22, subdivision (b) to be TRUE; or

### ALLEGATION AS TO COUNT 1 – NOT TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant SINGA JONES, committed the robbery for the benefit of, or in association with a criminal street gang with specific intent to promote, or further, or assist in any criminal conduct by gang members, within the meaning of Penal Code section 186.22, subdivision (b) to be NOT TRUE.

### ALLEGATION AS TO COUNT 1 – TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant CORVELL STAPLES, committed the robbery for the benefit of, or in association with a criminal street gang with specific intent to promote, or further, or assist in any criminal conduct by gang members, within the meaning of Penal Code section 186.22, subdivision (b) to be TRUE; or

## ALLEGATION AS TO COUNT 1 – NOT TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant CORVELL STAPLES, committed the robbery for the benefit of, or in association with a criminal street gang with specific intent to promote, or further, or assist in any criminal conduct by gang members, within the meaning of Penal Code section 186.22, subdivision (b) to be NOT TRUE.

## ALLEGATION AS TO COUNT 1 – TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant CORVELL STAPLES, committed the robbery for the benefit of, or in association with a criminal street gang with the intent to promote, further, or assist in any criminal conduct by gang members and that a person who was a principal in the crime personally used a firearm during the commission of the crime, within the meaning of Penal Code section 12022.53, subdivision (e), subsection (1) to be TRUE; or

## ALLEGATION AS TO COUNT 1 – NOT TRUE

We, the jury in the above-entitled action, find the allegation in Count 1 that the defendant CORVELL STAPLES, committed the robbery for the benefit of, or in association with a criminal street gang with the intent to promote, further, or assist in any criminal conduct by gang members and that a person who was a principal in the crime personally used a firearm during the commission of the crime, within the meaning of Penal Code section 12022.53, subdivision (e), subsection (1) to be NOT TRUE.

Given

_____

Judge

POSSIBLE VERDICTS TO ALLEGATIONS

322

### 3550. Pre-Deliberation Instructions

When you go to the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.

It is your duty to talk with one another and to deliberate in the jury room. You should try to agree on a verdict if you can. Each of you must decide the case for yourself, but only after you have discussed the evidence with the other jurors. Do not hesitate to change your mind if you become convinced that you are wrong. But do not change your mind just because other jurors disagree with you.

Keep an open mind and openly exchange your thoughts and ideas about this case. Stating your opinions too strongly at the beginning or immediately announcing how you plan to vote may interfere with an open discussion. Please treat one another courteously. Your role is to be an impartial judge of the facts, not to act as an advocate for one side or the other.

As I told you at the beginning of the trial, do not talk about the case or about any of the people or any subject involved in it with anyone, including, but not limited to, your spouse or other family, or friends, spiritual leaders or advisors, or therapists. You must discuss the case only in the jury room and only when all jurors are present. Do not discuss your deliberations with anyone.

During the trial, several items were received into evidence as exhibits. You may examine whatever exhibits you think will help you in your deliberations. These exhibits will be sent into the jury room with you when you begin to deliberate.

If you need to communicate with me while you are deliberating, send a note through the bailiff, signed by the foreperson or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. If you have questions, I will talk with the attorneys before I answer so it may take some time. You should continue your deliberations while you wait for my answer. I will answer any questions in writing or orally here in open court.

Do not reveal to me or anyone else how the vote stands on the issues in this case unless I ask you to do so.

Your verdict on each count and any special findings must be unanimous. This means that, to return a verdict, all of you must agree to it. Do not reach a decision by the flip of a coin or by any similar act.

It is not my role to tell you what your verdict should be. Do not take anything I said or did during the trial as an indication of what I think about the facts, the witnesses, or what your verdict should be.

You must reach your verdict without any consideration of punishment.

You will be given verdict forms. As soon as all jurors have agreed on a verdict, the foreperson must date and sign the appropriate verdict forms and notify the bailiff. If you are able to reach a unanimous decision on only one or only some of the charges or defendants, fill in those verdict forms only, and notify the bailiff. Return any unsigned verdict form.

57

324

### 3577. Instructions to Alternate on Submission of Case to Jury

To the alternate jurors: The jury is now deliberating, but you are still alternate jurors and are
bound by my earlier instructions about your conduct.

Do not talk about the case or about any of the people or any subject involved in it with anyone,
not even your family or friends, and not even with each other. Do not have any contact with the
deliberating jurors. Do not decide how you would vote if you were deliberating. Do not form or
express an opinion about the issues in this case, unless you are substituted for one of the
deliberating jurors.

---

### 3590. Final Instruction on Discharge of Jury

You have now completed your jury service in this case. On behalf of all the judges of the court, please accept my thanks for your time and effort.

Now that the case is over, you may choose whether or not to discuss the case and your deliberations with anyone.

I remind you that under California law, you must wait at least 90 days before negotiating or agreeing to accept any payment for information about the case.

Let me tell you about some rules the law puts in place for your convenience and protection.

The lawyers in this case, the defendants, or their representatives may now talk to you about the case, including your deliberations or verdict. Those discussions must occur at a reasonable time and place and with your consent.

Please immediately report to the court any unreasonable contact, made without your consent, by the lawyers in this case, their representatives, or the defendants.

A lawyer, representative, or defendant who violates these rules violates a court order and may be fined.

I order that the court's record of personal juror identifying information, including names, addresses, and telephone numbers, be sealed until further order of this court.

If, in the future, the court is asked to decide whether this information will be released, notice will be sent to any juror whose information is involved. You may oppose the release of this information and ask that any hearing on the release be closed to the public. The court will decide whether and under what conditions any information may be disclosed.

Again, thank you for your service. You are now excused.

---

59